UNITED STATES OF AMERICA
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff | 5:20-cr-50055 |
| vs. | ORDER |
| SHAINA PHELPS,<br>　　　　Defendant | |

Pending before the Court is Defendant's motion for reduction in sentence pursuant to Amendment 821, Part A, of the Federal Sentencing Guidelines. (Doc. 270). Through Counsel, Defendant has requested that her sentence of 121 months be reduced to 120 months based on the amendment to the Guidelines. The Government agrees that the motion should be granted. (Doc. 273). For the following reasons, the Court grants the motion.

**BACKGROUND**

Defendant pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (Doc. 147, 155). She was a member of a conspiracy to distribute methamphetamine, and transported it from Rapid City, S.D., to Kyle, S.D., located on the Pine Ridge Indian Reservation. The offense involved a large quantity of methamphetamine, firearms,

1

and substantial profits gleaned by the co-conspirators. The conspiracy continued after the arrest and incarceration of at least one member and was reported to have been "flooding" Kyle with methamphetamine. (Doc. 183, PgID 596).

Defendant was sentenced at the bottom of the Guidelines range of 121-135 months. She received 7 criminal history points, including 5 based on the criminal history score and 2 based on having committed the offense while under a criminal justice sentence for felony possession of a controlled substance. (Doc. 183, PgID 604). This resulted in a Criminal History Category of IV. Phelps' projected release date is January 25, 2028.

**LEGAL STANDARD**

Ordinarily, a court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582. The statute creates an exception for a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission…". Id. § 3582(c). In such a situation, the court engages in the two-step procedure set forth in *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). That procedure requires a determination whether the applicant qualifies for relief under § 3582(c), followed by ascertaining the pertinent guideline range. *Id.* See also *United States v. Diaz*, 2024 WL 167166, *2 (S.D. Fla. Jan. 16, 2024); *United States v. Estupinan*, 2023 WL 9022718, *2 (S.D. Fla. Dec. 31, 2023); *United States v. Galvan-Jacinto*, 2023 WL 9007294, *2 (W.D. Okla. Dec. 28, 2023).

Amendment 821 addresses in part the "status points" a defendant may have received because the offense was committed while under any "criminal justice sentence," including imprisonment, probation, or supervised release. The provision reads as follows:

> § 4A1.1. Criminal History Category
>
> The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.
> (d) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.
> (e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1.

Phelps received 5 criminal history points before the 2 status points were added. This increased her Criminal History Category from III to IV, which in turn increased the Guideline range from 120-135 months (including the 120-month statutory minimum) to 121-151 months. Amendment 821 authorizes a reduction in sentence based on the decrease in the Criminal History Category once the status

points are eliminated. Eliminating the status points in her case reduces the criminal history points to 5, resulting in a Criminal History Category of III and a Guideline range of 120-135 months. Phelps must continue to serve the minimum sentence of 120 months required by statute. Therefore, the Court grants the motion for reduction in sentence from 121 months to 120 months.

The Court recognizes that Phelps has engaged in self-improvement efforts while incarcerated and commends her for doing so.

Accordingly, IT IS ORDERED that Defendant's motion for reduction in sentence, Doc. 270, is granted.

Dated this 5th day of December, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge